■ MARGON CORPORATION, Respondent, v. DOLLAC CORPORATION et al., Appellants.— In an action, by an employer against a former employee and the corporation he helped to organize, to enjoin the exploitation of trade secrets and for other relief, the answer consists of general denials and an affirmative defense alleging, among other things, that (1) the action was brought in bad faith and for the purpose of furthering respondent's efforts to achieve a monopoly, and (2) appellants themselves had developed the machinery and methods complained of. The appeal is from an order granting a motion, pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, to strike out the affirmative defense as insufficient in law, with leave to serve an amended answer, if so advised, pleading as an affirmative defense only that appellants developed the machinery and methods herein complained of. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ FRANK A. MOTT, Appellant, v. STEEPLECHASE AMUSEMENT CO., INC., Respondent.— In an action to recover damages for personal injuries, the act of negligence charged in the complaint and bill of particulars was, in effect, that defendant failed to stop the turning of an amusement device known as the "Barrel of Fun" to give plaintiff, who had entered therein with his infant son who had fallen, an opportunity to extricate himself from his position of danger. At his examination held about eight months before the trial plaintiff testified, and at the trial offered proof, that an attendant entered the turning "Barrel" to assist him and his child, in the course of which said attendant's foot struck plaintiff and caused the injuries complained of. There was no competent proof with respect to the means then available for stopping the turning of the "Barrel" in emergencies. At the close of plaintiff's case, except for medical testimony, the trial court denied plaintiff's motion to conform the pleadings with the proof and granted defendant's motion to dismiss the complaint for failure of proof and upon the further ground that the proof was at variance therewith. The appeal is from the judgment entered thereon dismissing the complaint. Judgment affirmed, with costs. (*Murphy* v. *Steeplechase Amusement Co.,* 250 N. Y. 479; *Shaw* v. *Atlantic Amusement Co.,* 228 App. Div. 850, affd. 258 N. Y. 570; *Berkenstat* v. *Oliver,* 275 App. Div. 679.) Murphy, Ughetta and Hallinan, JJ., concur; Nolan, P. J., and Kleinfeld, J., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: Plaintiff established a prima facie case on the theory that defendant permitted the amusement device to continue running while plaintiff was in a position of danger, to the knowledge of defendant. There was no substantial change in the theory upon which plaintiff sought recovery by the introduction of evidence that an employee of defendant had entered the amusement device and was caused to strike plaintiff with his foot, by reason of the continued operation of the amusement device. No motion to conform the pleadings to the proof was necessary, but if it be assumed that such motion was required, its denial was an improvident exercise of discretion, particularly since the evidence supporting the theory on which the case was tried was admitted without objection, and concededly defendant was not surprised thereby. (Cf. *Berkenstat* v. *Oliver,* 275 App. Div. 679.)

■ MAE REIN, Individually and as a Stockholder of Oakside Estates, Inc. (Dissolved), on Behalf of Oakside Estates, Inc. (Dissolved), and of its Stockholders Similarly Situated, Appellant, v. OAKSIDE ESTATES, INC. (Dissolved) et al., Defendants, and ABRAM FREMER et al., Respondents.— In a stockholder's derivative action to set aside the dissolution of a corporation and certain conveyances of real property, and for other relief, the appeal is from